UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:10-cr-148 (JAM) |
| ARMANDO SOTO | |

**RULING DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

On July 18, 2011, this Court (Ellen Bree Burns, J.) sentenced defendant Armando Soto principally to a term of 120 months imprisonment and a term of 15 years supervised release, following his conviction for conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846. On the basis of Amendment 782 to the U.S. Sentencing Guidelines, defendant now moves for appointment of counsel (Doc. #1409) to represent him for purposes of resentencing pursuant to 18 U.S.C. § 3582(c)(2). Because it is clear that defendant is not entitled to resentencing pursuant to § 3582(c)(2), I will deny his motion for appointment of counsel.

Amendment 782 to the United States Sentencing Guidelines provides for a reduction of two offense levels for the sentencing range calculation for a defendant who has been subject to sentencing under §§ 2D1.1 and 2D1.11 of the Guidelines. Amendment 782 reflects the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and that a reduction—including a retroactive reduction for defendants who are already serving their sentences—would be "an appropriate step toward alleviating" both "the significant overcapacity and costs" of federal prisons. *See* U.S. Sentencing Guidelines Manual, Amendment 782, Policy Stmt. (2014).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that

1

has been subsequently lowered by the United States Sentencing Commission. The Court must follow a two-step approach to determine whether a sentence should be reduced and the extent of any such reduction. First, the Court must consider if the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable if the amended Guidelines had been in place at the time of the defendant's sentencing. Second, the Court must consider the range of general sentencing factors under 18 U.S.C. § 3553(a) to decide whether, in its discretion, a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, I conclude that the first step is not satisfied and that defendant is ineligible for a reduction. If Amendment 782 were applied, it would lower defendant's total offense level from 29 to 27, consistent with the amount of cocaine base for which he had been held responsible (between 280 and 840 grams) and his reduction for acceptance of responsibility. With defendant's criminal history category of III, his reduced sentencing range would be 87 to 108 months of imprisonment at Level 27.

But the Amendment does not apply to defendant because he was convicted of an offense that requires the imposition of a minimum of ten years of imprisonment. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Because defendant's total offense level under the amended Guidelines would result in a guidelines range of 87 to 108 months of incarceration, and the statute under which he was convicted mandates a minimum of 120 months of incarceration, *see* 21 U.S.C. §841(b)(1)(A)(iii), the latter shall remain the guideline sentence. *See, e.g., United States v. Johnson,* 732 F.3d 109, 116 (2d Cir. 2013) (defendant not eligible for sentencing relief under

Section 3582(c)(2) if statutory minimum sentence has not been displaced or reduced); *see also United States v. Williams,* 551 F.3d 182, 185 (2d Cir. 2009) (same).

For the foregoing reasons, defendant's motion for appointment of counsel is DENIED. All aspects of the original sentence shall remain in effect.

Dated at New Haven, Connecticut, this 8th day of February 2016.

*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge